IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES DAVIS | ) | |
| | ) | |
| v. | ) | NO: 1:17-0082 |
| | ) | |
| TONY PARKER, et al. | ) | |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMENDATION

By Order entered September 11, 2017 (Docket Entry No. 3), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the pending motion for partial dismissal (Docket Entry No. 19) of Defendants Bryan Bailey, Dustin Mackin, Steven Palk, and Clint Zyla (hereinafter collectively "Defendants") be granted.

## I. BACKGROUND

James Dewayne Davis ("Plaintiff") is a former inmate of the Tennessee Department of Correction ("TDOC") who is no longer incarcerated. On August 30, 2017, he filed this *pro se* and *in forma pauperis* lawsuit while still confined within the TDOC. He brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights based on allegations that prison guards at the Turney

Center Industrial Prison ("Turney Center") used excessive force against him on September 1, 2016. In addition to requesting monetary relief, Plaintiff requests "mandatory injunctions" and to have the guards "terminated from their jobs." *See* Complaint (Docket Entry No. 1) at 15.

After initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. 1997e, the Court directed that process issue to five defendants on Plaintiff's claims – Bryan Bailey, Dustin Mackin, Steven Palk, Clint Zyla, and John Gunn. *See* Docket Entry No. 3 at 3-5. All defendants other than Defendant John Gunn have been served, have filed a joint answer (Docket Entry No. 22), and have joined in the pending motion for partial dismissal. Process for Defendant Gunn was returned unexecuted with the notation that he was no longer employed at the Turney Center. *See* Docket Entry No. 8.

By their motion for partial dismissal, Defendants move to dismiss Plaintiff's requests for injunctive relief. Defendants argue that Plaintiff does not set out a valid claim for injunctive relief because he is no longer under the threat of any injury at the hands of Defendants which would be prevented or remedied by the requested injunctive relief. *See* Memorandum in Support (Docket Entry No. 20). They also note that he has been released from TDOC custody.

By Order entered February 7, 2018 (Docket Entry No. 21), the Court gave Plaintiff a deadline of March 6, 2018, to file a response to Defendants' motion. On March 6, 2018, Plaintiff filed what is styled as "an time extension." *See* Docket Entry No. 23. In his filing, Plaintiff states that he would like to "reject" the request for dismissal because Defendants assaulted him and covered up his injuries in the disciplinary reports and because "I am not the only one at that prison that has been assaulted and they tried to cover it up." *Id*. at 2. He also asserts that he needs to get a lawyer to represent him on the case. *Id*. at 1.

## II. CONCLUSIONS AND RECOMMENDATIONS

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff must provide the grounds for his entitlement to relief and supply factual allegations that show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Defendants' motion for partial dismissal should be GRANTED. First, Plaintiff's undefined request for "mandatory injunctions" fails to set out an actual request for any kind of specific injunctive relief. Further, the Court has no authority to direct that TDOC terminate Defendants' employment as part of any final outcome in this case. Finally, a prisoner plaintiff's release from custody generally renders requests for injunctive relief regarding his former confinement moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

In his recent filing, Plaintiff fails to raise any valid objections to Defendants' motion for partial dismissal. The underlying merits of his allegations do not have any impact on the shortcomings of the injunctive relief he has requested as a remedy, and his request for monetary damages will remain in the lawsuit despite the dismissal of his claims for injunctive remedies. Although Plaintiff's motion could be liberally construed as a request for an extension of time to respond to Defendants' motion, this request is unpersuasive because, despite his request for additional time, Plaintiff offers a substantive response to Defendants' arguments in his filing and because there is no reason to further delay resolution of Defendants' motion given the obvious and uncurable deficiencies in Plaintiff's complaint with respect to his request for final injunctive

remedies. If Plaintiff has any additional arguments to make regarding Defendants' motion, he may raise them in his objections to this Report and Recommendation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge