IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES DAVIS )
)
v. ) NO: 1:17-0082
)
TONY PARKER, et al. )

**TO: Honorable William L. Campbell, Jr., District Judge**

# REPORT AND RECOMENDATION

By Order entered September 11, 2017 (Docket Entry No. 3), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion (Docket Entry No. 34) of Defendants Bryan Bailey, Dustin Mackin, Steven Palk, and Clint Zyla (hereinafter collectively "Defendants") for dismissal of this action. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

On August 30, 2017, James Dewayne Davis ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit while confined as an inmate within the Tennessee Department of Correction ("TDOC"). He brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights based

on allegations that prison guards used excessive force against him on September 1, 2016. Subsequent to filing the lawsuit, Plaintiff was released from incarceration.[1]

Process issued to five defendants on Plaintiff's claims – Bryan Bailey, Dustin Mackin, Steven Palk, Clint Zyla, and John Gunn. *See* Docket Entry No. 3 at 3-5. Although process for Defendant Gunn was returned unexecuted, Plaintiff took no steps to have process re-issued to Defendant Gunn at an alternative address. The remaining Defendants filed an answer, *see* Docket Entry No. 22, and scheduling orders were entered providing for a period of pretrial activity in the action. *See* Docket Entry Nos. 24, 29, and 33.

In their motion to dismiss, Defendants contend that Plaintiff has repeatedly failed to appear for his scheduled deposition and, thus, thwarted their ability to complete discovery. They assert that Plaintiff's most recent failure to appear at his deposition was in direct contravention of the Order entered August 29, 2018 (Docket Entry No. 33), in which the Court granted their motion to compel Plaintiff's attendance at his deposition and warned him that dismissal of his action would occur if he failed to appear and participate at his deposition. In addition to dismissal of the action, Defendants seek an order requiring Plaintiff to reimburse them $800.00 for costs they incurred because of his failure to show up for his scheduled deposition.

The Court notified Plaintiff of the motion and gave him a deadline of October 26, 2018, to file a response and to show cause why sanctions should not be imposed and this action should not be dismissed. *See* Order entered October 4, 2018 (Docket Entry No. 35). The Court specifically warned Plaintiff that his failure to respond would result in a recommendation that sanctions,

---

[1] The docket reflects that Plaintiff called the Clerk's Office on January 22, 2018, to update his address and provide a non-institutional residential address.

2

including dismissal of this action, be imposed. To date, Plaintiff has not responded to the Court's Order or Defendants' motion.

## II. CONCLUSION

Rule 37(b) of the Federal Rule of Civil Procedure provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2) and include the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Rule 16(f)(1) also provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." Finally, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Plaintiff has clearly lost interest in prosecuting this action, as shown by his failure to respond to Defendants' initial motion to compel, failure to comply with the Court's Order to appear for his deposition, and failure to respond to either the pending motion or the Court's October 4, 2018 Order that he show cause why the action should not be dismissed. His

refusal to engage in discovery has prejudiced Defendants' ability to defend the case and has prevented the orderly progression of the case. Plaintiff was specifically warned by the Court of the consequence of his failure to appear for his deposition and his failure to respond to the motion to dismiss.

Proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties with respect to discovery and compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (the relaxed pleading standards for *pro se* litigants do not apply to "readily comprehended court deadlines"); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal). Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action in its entirety under Federal Rules 16(f)(1), 37(b), and 41(b) is appropriate in light of Plaintiff's fault, the prejudice caused to Defendants by Plaintiff's refusal to participate in discovery, Plaintiff's disregard of the Court's Orders, and the needless expenditure of resources by both the Court and Defendants because of Plaintiff's conduct. Given Plaintiff's *pro se* and *in forma pauperis* status, however, an order of monetary sanctions against Plaintiff should not be imposed.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that Defendants' motion to dismiss (Docket Entry No. 34) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge